UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GEBRESELASSIE A. TEDLA,
    Plaintiff,

v.

MICHAEL J. ASTRUE,[1]
Commissioner of Social Security,

    Defendant.

CASE NO. C06-1040-JCC-MJB

REPORT AND RECOMMENDATION

## I. SUMMARY AND RECOMMENDATION

Plaintiff Gebreselassie A. Tedla appeals to the District Court from a final decision of the Commissioner of the Social Security Administration (the "Commissioner") affirming termination of Plaintiff's period of disability and finding him not eligible for Supplemental Security Income under Title XVI of the Social Security Act. For the reasons set forth below, it is recommended that the Commissioner's decision be REVERSED and this matter REMANDED for further administrative proceedings.

## II. RECORD SUMMARY AND PROCEDURAL HISTORY

Plaintiff is an Ethiopian refugee who entered the United States in 1993. Tr. 40-41. He has a fifth grade education and no past relevant work experience. Tr. 46. Plaintiff does not speak fluently, read, or write the English language. Tr. 40. Plaintiff was a soldier in the guerilla

---

[1] Defendant substituted pursuant to F.R.C.P. 25(d)(1) and 42 U.S.C. § 405(g). Michael J. Astrue became Commissioner of Social Security on February 12, 2007.

REPORT AND RECOMMENDATION
PAGE - 1

1  army in Ethiopia, but he was captured and became a prisoner of war. Tr. 41, 922. He has been

2  diagnosed with post traumatic stress disorder ("PTSD") due to his imprisonment by the

3  Ethiopian government, claims to have witnessed other inmates being shocked with electricity,

4  and heard shots fired which presumably indicate the killing of other prisoners. Tr. 41, 923-24.

5  Plaintiff also suffers from back pain, depression, flashbacks, esophagitis, insomnia, numbness and

6  swelling in his hands, swelling in his knees and legs, and liver pain. Tr 41-42, 114, 381.

7        Plaintiff applied for Supplemental Security Income ("SSI") on April 29, 1994, alleging

8  disability since October 10, 1978. He was found disabled and awarded benefits on April 29,

9  1994.[2] His disabling impairment is PTSD together with pain in his left arm and right leg,

10  resulting from a past gun shot wound from a fight against the Ethiopian communist government.

11  Tr. 49-51, 61, 65.

12        On April 22, 2002, Plaintiff was notified by the Social Security Administration that he

13  had experienced "medical improvement" and was no longer disabled as of April 1, 2002. Tr.

14  277-81. Plaintiff requested reconsideration (Tr. 282-83) which was denied on June 25, 2003.

15  Tr. 285-98. Plaintiff requested a hearing which was held before Administrative Law Judge

16  ("ALJ") Arthur Joyner on July 22, 2005. Tr. 38, 891-961. Plaintiff, who was represented by

17  counsel, testified at the hearing. Tr. 38, 901-31. A vocational expert ("VE"), Leta Berkshire,

18  also testified at the hearing. Tr. 947-56.

19        The ALJ determined that Plaintiff continued to have severe impairments of myalgias,

20  PTSD, and depression at the time of the cessation date, but the ALJ found that these

---

[2] The Social Security Administration denied Plaintiff's application initially (Tr. 60-64) and upon reconsideration (Tr. 84-87). A hearing was held before an Administrative Law Judge ("ALJ"), Donald Krainess, on January 23, 1996. Tr. 251, 264. Plaintiff, who was represented by counsel, testified at the hearing. Tr. 251, 264. A psychological witness, David Clemmons, Ph.D, and a vocational expert ("VE"), Stephen Van Houten, also testified at the hearing. Tr. 251, 264. The ALJ found Plaintiff's PTSD met the requirements for an anxiety-related disorder in 12.06 of the Listing of Impairments, 20 C.F.R. Part 404, Appendix 1 to Subpart P. Tr. 253, 266. Thus, Plaintiff was found to be disabled as of April 29, 1994. Tr. 266.

REPORT AND RECOMMENDATION
PAGE - 2

impairments no longer meet or equaled one of the listed impairments in Appendix 1, Subpart P of the Regulations. Tr. 47. The ALJ found that the medical evidence established that there had been improvement in Plaintiff's medical impairments and functioning since the date he was found disabled and the improvement permitted Plaintiff to work. Tr. 47. The ALJ determined that while the Plaintiff was unable to perform a full range of medium work, he retained the residual functional capacity ("RFC") to adjust to work that exists in significant numbers in the national economy, including hand packager, laundry worker, and dish washer. Tr. 47-48. Therefore, the ALJ concluded that Plaintiff was no longer under a disability nor eligible for SSI payments after April 1, 2002. Tr. 48.

### III.  STANDARD OF REVIEW FOR AWARD OF BENEFITS

Plaintiff alleges numerous errors and requests reversal and remand for award of benefits. The Commissioner admits some of the alleged errors, contests others, and requests a reversal for a further hearing. To order a new hearing on remand, the court must determine whether the record has been fully developed and whether further administrative proceedings would serve a useful purpose. *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989). Specifically, the Court applies the following test:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (*citing Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). For the reasons stated below, the undersigned recommends that there be a reversal and remand for a new hearing and decision.

### IV.  DISCUSSION

Both parties clearly agree that the ALJ: 1) erred at step two in finding that Plaintiff has not been diagnosed with a somatoform disorder; and 2) did not meet his burden at step five. Dkt. #16 at 16-17, 18; Dkt. #22 at 7, 12. The Commissioner specifically urges remand to 1) re-evaluate the severity of Plaintiff's mental impairments, with particular attention to the diagnosis

of somatoform disorder; 2) further evaluate the medical opinions and lay opinions of record; 3) re-evaluate Plaintiff's residual functional capacity pursuant to SSR 96-8p; 4) resolve issues pertaining to Plaintiff's age and ability to speak English; 5) re-evaluate Plaintiff's credibility upon the expanded record pursuant to SSR 96-7p; and 6) if necessary, obtain additional VE testimony to determine whether Plaintiff is capable of adjusting to other work existing in significant numbers in the national economy. Dkt. #22 at 14.

Plaintiff responds that the Commissioner has not disagreed with Dr. Susan Caverly's medical opinions and if credited as true, Plaintiff should be found disabled and awarded benefits. Dkt. #23 at 4-5. Plaintiff next argues that when an ALJ fails to give legally adequate reasons for rejecting the opinion of a treating or examining physician, the opinion may be credited as a matter of law. *See Lester,* 81 F.3d at 834.[3] This Court, however retains flexibility in applying the 'credited as true' theory. *Connett v. Barnhart,* 340 F.3d 871, 876 (9th Cir. 2003). Where the record has been fully developed and further administrative proceedings would serve no useful purpose, the court should remand for a continuation of benefits. *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

Crediting this opinion as true, however, does not leave all outstanding issues resolved for an award benefits.[4] First, the ALJ erred at step two by failing to consider Plaintiff's somatoform

---

[3] Plaintiff initially contended that the ALJ erred by: 1) failing to provide sufficient reasons for rejecting the opinions of Plaintiff's treating psychologist/nurse practitioner, Susan Caverly, Ph.D, ARNP; 2) failing to provide clear and convincing reasons for rejecting Plaintiff's testimony; 3) improperly assessing Plaintiff's physical RFC as being able to do medium work; 4) failing to follow the Psychiatric Review Technique in 20 C.F.R.§ 416.920a; 5) failing to meet his burden at step five of the sequential evaluation process; 6) failing to consider age and time away from the workplace under 20 C.F.R. § 416.994(b)(1)(iv)(C); 7) failing to find that Plaintiff had a somatoform disorder; and 8) declining to make a finding that Plaintiff's age had been incorrectly stated. Dkt. #16.

[4] The ALJ gave Dr. Caverly's opinion "limited weight" because 1) her conclusions and her recitation of symptoms were at odds with her contemporaneous notes; 2) her opinion of disability was based almost solely on the claimant's subjective reports; and 3) her opinion contrasted with the opinions of the state agency medical consultants. *See* Tr. 45. The Commissioner concedes

REPORT AND RECOMMENDATION
PAGE - 4

disorder, which would require reconsideration of a new RFC and likely another medical consultant's opinion of all records including Dr. Caverly's treatment records and assessment.

Second, after another expert opinion on the somatoform disorder, the ALJ must re-establish plaintiff's RFC and if necessary, at step five whether Plaintiff is capable of performing work in the national economy by the vocational expert addressing all limitations rather than relying upon improperly discredited evidence. Thus there are outstanding issues for which remand is proper, rather than an award or reinstatement of benefits. *Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000).[5]

Lastly, the Commissioner's desire for a rehearing also includes a concern that Plaintiff is or has been malingering.[6] Plaintiff makes two arguments here, first that the record shows no definitive opinion of malingering and second, the record contains a detailed letter previously submitted to the SSA sufficiently discrediting the CDIU report. Tr. 795-803. Dkt. #23. The

---

that the ALJ's reasoning there was no definitive diagnosis of a somatoform disorder is not supported by substantial evidence. The Commissioner, however also contends that for a different reason the ALJ could reject Dr. Caverly's opinion because it was based almost solely on Plaintiff's subjective reports. Plaintiff disagrees, arguing that the record of Dr. Caverly's treatment of Plaintiff's PTSD dates back to 1997, and that Dr. Caverly critically considered the consistency of Plaintiff's reports over the eight years that she treated him with consistent presentation of a severity of symptoms that would have been likely to vacillate if he were malingering. Dkt. #23 at 3. Tr. 516, 805.

[5] Regrettably, the ALJ's opinion characterizes Plaintiff as a "maladapted third world person." This has the potential for the appearance of improper bias. Accordingly, a different ALJ upon remand is also recommended.

[6] The report by the Cooperative Disability Investigations Unit, ("CDIU"), dated May 8, 2003 (Tr. 337-354), is identified by the ALJ as a source for inconsistencies between Plaintiff's reported physical and mental impairments and the investigator's observations in an interview of Plaintiff. The report notes several factors, such as, "inconsistency regarding the claimant's ability to speak English, had an auto registered in his name, confirmation of several unreported and lengthy visits to Ethiopia, and reports that the claimant swam at a gym three days a week." Tr. 44, 343-44. The report also includes an unreported damage recovery following an automobile accident while Plaintiff was receiving SSI benefits. Tr. 343-44.

REPORT AND RECOMMENDATION
PAGE - 5

Court disagrees. Questions concerning credibility are central to the five step analysis and whether Plaintiff's subjective complaints are believable based upon the record evidence as a whole must be resolved by the ALJ. *Fair v. Bowen*, 885 F.2d 597, *see also,* SSR 88-13. Even setting aside the CDIU report, the ALJ's opinion refers to David B. Jarvis, M.D., the state agency medical consultant, who describes Plaintiff's complaints as "having a histrionic quality." On the record evidence, this issue, accordingly, merits remand.

## V.  CONCLUSION

The Commissioner's determination to terminate Plaintiff's SSI benefits contains legal errors and is not supported by substantial evidence. Based on the record evidence, the undersigned recommends that the Commissioner's decision be REVERSED and this matter REMANDED for further administrative proceedings. A proposed Order accompanies this Report and Recommendation.

DATED this 21st day of June, 2007.

_____
MONICA J. BENTON
United States Magistrate Judge